## No. 189.

### SUCCESSION OF ANN MONAGHAN.

1. The appointment of one, upon his simple petition, and without publication, as dative testamentary executor of a succession, is null and void.
2. The same formalities must be observed in such a case as in that of the appointment of any other kind of administrator.

*Appeal from the Civil District Court. Rightor; J.*

*John S. Tully* for plaintiff, appellant.

*A. J. Lewis* for defendant.

ROGERS, J.—John K. Fitzgerald applied for letters of dative testamentary executorship of the Succession of Ann Monaghan and was appointed by the Judge on his simple petition. He proceeded with the duties of his office, and while seeking to have sold the property of decedent, was enjoined by Michael McAloone, who claimed the executorship by virtue of the will of decedent duly probated, and further alleging that he was a creditor.

He claims the appointment of Fitzgerald was an absolute nullity; his application to be appointed dative testimentary executor never having been advertised as required by law.

In King vs. Lastrappes, 13 La. An. 582, it was held, " the appointment of a dative testamentary executor, without notice of his appointment, was null." * * * " The same notice ought to be given for the appointment of dative testamentary executors, as for that of any other kind of administrators of an estate."

This is the law. No Judge can exercise his discretion independent of the forms and requisites of the law.

The right of either party before us to the execution of the decedent's will cannot be determined. Neither party has complied with the law. The judgment of the District Court is reversed and set aside, and the case remanded, in order that the proper proceedings may be had in the premises.

Appellees paying costs.